IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JASON P. RAJTORA, | |
| Plaintiff, | No. 14 cv 78 EJM |
| vs. | ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability income and supplemental security income benefits. Briefing concluded December 29, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to give proper weight to the opinion of plaintiff's consulting examiner, and failed to develop the record. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff is a 41-year-old man with a high school education and past work history as a fast food worker. He filed an application for disability insurance benefits alleging avascular necrosis in the hips as well as hip and back pain. He asserts that the ALJ failed to consider the medical opinions of consulting examiner Dr. George T. Kappos, M.D.

On January 23, 2013, following a hearing, an administrative law judge ("ALJ") found that plaintiff had the severe impairments of degenerative joint disease of the hips and degenerative disc disease of the lumbar spine, which did not meet or equal the criteria of any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14, 15; Findings No. 4 and 5). The ALJ further found that plaintiff had the residual function capacity ("RFC") to perform a wide range of light work[1], including that he could stand and/or walk for four hours in an eight-hour workday with regular breaks, engage in unlimited sitting, and perform occasional postural activities (Tr. 15, Finding No. 6). Based on vocational expert ("VE") testimony, the ALJ found that this RFC would not preclude plaintiff from performing a significant number of jobs in the national economy such as production worker,

---

[1] Light work requires standing or walking for six hours out of an eight-hour workday, lifting no more than twenty pounds at a time, and frequently carrying objects weighing up to ten pounds at a time. See 20 C.F.R. §§ 404.1527(b), 416.967(b); see also Social Security Ruling ("SSR") 83-10, which can be found at http://www.socialsecurity.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html.

cashier II, and storage facility rental clerk (Tr. 21, Finding No. 11; Tr. 47). Consequently, the ALJ found that plaintiff was not disabled as defined in the Act (Tr. 11, 22).

Plaintiff alleges the ALJ erred in his consideration of the opinion of Dr. Kappos, who is not a treating physician but did perform a consultative examination of plaintiff on August 16, 2011. The ALJ fully discussed Dr. Kappos' opinion and gave "partial weight" to it because the medical evidence was inconsistent with the limitations Dr. Kappos assessed (Tr. 19, 20). Dr. Kappos opined that while plaintiff could lift, carry, push, and pull up to twenty-five pounds occasionally, he could rarely sit, stand, walk, or climb stairs; and never stoop, bend, crawl, or work with a production line due to back pain (Tr.359). The ALJ stated that such restrictive limitations were inconsistent with the magnetic resonance imaging ("MRI") results of plaintiff's lumbar spine in March 2010 and August 2012, which showed no nerve impingement and no significant canal or neuroforminal stenosis. (Tr. 20, 335, 397) Moreover, the ALJ noted that there was no medical source statement of functional limitations from any treating source and plaintiff testified that no physician had told him to stop working (Tr. 20). Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (affirming ALJ's finding when he considered, among other things, that "there were no functional restrictions [placed on claimant] by doctors"). Medical personnel at the University of Iowa Clinic encouraged plaintiff to increase his activity. (Tr. 385). See Blakeman v.

3

Astrue, 509 F.3d 878, 883 (8th Cir. 2007) (doctor's advice to become more physically active was inconsistent with disability).

As the ALJ also noted, plaintiff's treating physicians recommended that plaintiff proceed with conservative treatment consisting of chiropractic treatment, muscle relaxants, pain medications, and anti- inflammatories (Tr. 17). See Pelkey v. Barnhart, 433 F.3d 575, 579 (8th Cir. 2006) (affirming ALJ's credibility determination based in part on claimant's doctors having recommended exercise and medication but never surgery); Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) (conservative course of treatment undermined claimant's claim of disabling back pain).

In deciding to give partial weight to Dr. Kappos' opinion, the ALJ also noted that Dr. Kappos appeared to overwhelmingly rely on plaintiff's subjective complaints because the objective medical evidence did not substantiate Dr. Kappos' opinion that plaintiff could rarely sit, stand, or walk (Tr. 20). See Kirby, 500 F.3d at 709 (holding that the ALJ may give less weight to a medical opinion that is based largely on subjective complaints rather than on objective medical evidence). For example, a lumbar spine x-ray in May 2012 was normal as was an MRI in August 2012 (Tr. 382, 388, 397). X-rays of plaintiff's hips taken in August 2012 revealed only moderate degenerative changes (Tr. 396). Additionally, even plaintiff himself admitted to Dr. Kappos that he used a cane only

occasionally (Tr. 357). Thus, the ALJ properly chose to accord Dr. Kappos' opinion partial weight.

Plaintiff also contends that the ALJ erred in discounting Dr. Kappos' opinion because the ALJ did not consider his pain as related to his hips. Plaintiff further contends that the ALJ minimized his hip pain.

The ALJ determined that one of plaintiff's severe impairments consisted of degenerative joint disease of the hips (Tr. 14, Finding No. 4). There is no reference in the medical evidence to plaintiff's hips until 2012. An x-ray of plaintiff's hips in August 2012 revealed only moderate degenerative changes and a September 2012 provisional diagnosis of AVN in plaintiff's hips made by a person who was not an acceptable medical source (Tr. 396, 398). Thus, plaintiff's contention that the ALJ did not consider his hips and improperly focused on his back impairment in rejecting Dr. Kappos' report lacks merit. Plaintiff's own complaints and evidence focused the ALJ's attention on his back pain.

The ALJ found that plaintiff had the RFC to perform a wide range of light work, except that he could stand and/or walk for four hours in an eight-hour workday with regular breaks, engage in unlimited sitting, and perform occasional postural activities (Tr. 15, Finding No. 6).

Relying on Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000), plaintiff contends that the ALJ did not obtain work-related limitations from a treating or

examining physician that supported his RFC assessment. See Pl.'s Br. at 16-18.

In Nevland, there was no medical evidence at all about how the claimant's impairments affected his ability to function, and thus, the ALJ in that case could only rely on the opinions of non-examining physicians. See Nevland, 204 F.3d at 858. In Nevland, the court concluded "the ALJ should have sought such an opinion from Nevland's treating physicians or, in the alternative, ordered consultative examinations, including psychiatric and/or psychological evaluations to assess Nevland's mental and physical residual functional capacity." Id. However, in the case at bar, the record contained sufficient medical evidence that the ALJ considered, including the opinion of a consultative examiner, Dr. Kappos (Tr. 19, 20). The ALJ appropriately observed that plaintiff's treating physicians recommended that he proceed with conservative treatment consisting of chiropractic treatment, muscle relaxants, pain medications, and anti-inflammatories (Tr. 17). Further, the ALJ noted that after October 2010, there were no treatment records for plaintiff's back until over a year and a half later in May 2012 (Tr. 19). The Eighth Circuit Court of Appeals has made clear that an ALJ only needs "some" medical evidence to support the RFC, not necessarily a treating physician providing a specific RFC opinion. See Cox v. Astrue, 495 F.3d 614, 620 (8th Cir. 2007).

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

January 9, 2015

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT